UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES BEAM,<br><br>                              Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                              Defendant. | Case No. 3:13-cv-05875-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 15, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for payment of benefits.

FACTUAL AND PROCEDURAL HISTORY

On January 2, 2006, plaintiff filed an application for SSI benefits, alleging disability as of January 1, 2000, due to PTSD, depression, dissociative disorder, back pain, and alcohol dependence. See Administrative Record ("AR") 15, 117-19, 147.  The application was denied upon initial administrative review and on reconsideration. See AR 91-94, 96-98.  A hearing was

REPORT AND RECOMMENDATION - 1

1   held before an administrative law judge ("ALJ") on March 17, 2009, at which plaintiff,

2   represented by counsel, appeared and testified, as did vocational expert, Paul Morrison. <u>See</u> AR

3   27-86.

4        On September 2, 2009, the ALJ issued a decision in which plaintiff was determined to be

5   not disabled. <u>See</u> AR 12-24.  Plaintiff's request for review of the ALJ's decision was denied by

6

7   the Appeals Council on January 20, 2011, making the ALJ's decision defendant's final decision.

8   <u>See</u> AR 1-4; <u>see also</u> 20 C.F.R. § 404.981, § 416.1481.  Upon appeal, this Court remanded the

9   case for further proceedings on January 6, 2012.  <u>See</u> AR 753-74.  Pursuant to the remand order,

10  a new administrative hearing was held on May 16, 2013, at which plaintiff, represented by

11  counsel, appeared and testified as did vocational expert, Richard Hincks, and psychological

12  expert, Dr. Sally Clayton.  <u>See</u> AR 706-36.

13        On June 5, 2013, the ALJ issued a decision in which plaintiff was determined to be not

14  disabled.  <u>See</u> 615-42.  Plaintiff declined to file written exceptions with the Appeals Council.  On

15  October 10, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

16  decision.  <u>See</u> Dkt. #3.  The administrative record was filed with the Court on December 23,

17  2013.  <u>See</u> Dkt. #10.  The parties have completed their briefing, and thus this matter is now ripe

18  for judicial review and a decision by the Court.

19        Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for

20  payment of benefits, because the ALJ erred: (1) in evaluating the testimony from the medical

21

22  expert; and (2) in finding drug and alcohol use material to plaintiff's disability claim.  Defendant

23  agrees that the ALJ committed legal error; however, defendant argues the case should be

24  remanded for further proceedings.  The undersigned agrees that the ALJ erred in determining

25

26

REPORT AND RECOMMENDATION - 2

plaintiff to be not disabled, and, for the reasons set forth below, recommends that defendant's decision be reversed, and that this matter be remanded for an award of benefits.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.       The ALJ's Evaluation of the Medical Expert Testimony

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996)); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). However, all of the determinative findings by the ALJ must be supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)); see also Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion'") (quoting Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)).

Sally Clayton, Ph.D. testified as a medical expert at plaintiff's hearing on May 15, 2013. AR 706. Dr. Clayton testified that, based on her review of the medical record, plaintiff met listing 12.03 and was markedly limited in the areas of social functioning and concentration, persistence, and pace. AR 714-17. When directly asked by the ALJ to separate out plaintiff's

REPORT AND RECOMMENDATION - 5

drug and alcohol use, Dr. Clayton testified that it was her opinion that plaintiff still met listing 12.03 and continued to have marked limitations in social functioning and concentration, persistence, and pace. See AR 717. The ALJ gave this opinion no weight finding it inconsistent and unsupported by the record, as well as "equivocal, ambivalent, and internally inconsistent." AR 623-29. Plaintiff argues these were not legally sufficient reasons to discredit the medical expert's opinion. This Court agrees.

While the ALJ found Dr. Clayton's opinion to be inconsistent with the records, he cited to nothing in the record to support this conclusion. AR 23. The only medical opinion in the record given any amount of weight was that of the state non-examining doctors who reviewed plaintiff's case in 2006 and did not have access to the numerous psychological evaluations and treatment notes which took place after that date. AR 626. The ALJ's conclusory statement of inconsistency without any supporting evidence is not a legally sufficient reason to discredit the medical expert's testimony.

The ALJ also discredited the opinion finding it "equivocal, ambivalent, and internally inconsistent." AR 629. In support of this, the ALJ quoted three statements from Dr. Clayton's testimony. AR 628. However, these statements were taken out of context and were not an accurate portrayal of Dr. Clayton's testimony. First, the ALJ noted that Dr. Clayton "stated that she 'could be wrong' in assessing marked limitations in the absence of substance abuse and it was 'hard to say for sure' whether the claimant would continue to have marked limitations." AR 628-29. The record shows that, when asked by the ALJ whether she felt plaintiff still had marked limitations in the B criteria if drugs and alcohol were taken out of the equation, Dr. Clayton stated:

> I believe so. If you don't mind I can say that some of what I'm looking at, the thing I think has caused the most problems, were the drug use that most directly affects the

REPORT AND RECOMMENDATION - 6

delusions and hallucinations and it does appear from the say 22F, like March of 2009 – and I could be wrong – but the evidence is more clear that – I don't see evidence of use of those particular drugs and I do see the ongoing impairment in his social functioning and his concentration, persistence, and pace – so, yes.

AR 717.  This statement does not show that Dr. Clayton was unsure whether plaintiff had marked limitations in the B criteria absent drug and alcohol use.  On the contrary, she states at the beginning and end of her answer that she does believe plaintiff would continue to have marked limitations even absent drug and alcohol use.  It appears that the statement "I could be wrong" was in regards to her statement that the record showed a decrease in substance abuse after March 2009.  Dr. Clayton was admitting that she may have missed something in her review of the records, not that her opinion regarding the B criteria may be wrong.  Also, the ALJ and defendant fail to point to anything in the record showing that Dr. Clayton was, in fact, wrong in her review of the records.

Further, the ALJ asked Dr. Clayton, "And can you say likewise for sure whether if you took away the drugs and alcohol whether he'd still meet this listing or still have these marked limitations?"  AR 722.  In response, Dr. Clayton stated, "It's hard to say for sure but over time there's, you know, just looking or a greater preponderance of evidence one way or the other and even then I'm always suspicious that something's still going on back there but I would say that it's looking--"  AR 722.  After more questioning from the ALJ, Dr. Clayton ended her testimony by stating "…even with medication and I think at least in the more recent years even in the absence of, you know, in the reduction of drug and alcohol use that would cause this guy to be unemployable."  AR 723-34.  Dr. Clayton's statement that it was "hard to say for sure" was her acknowledging the fact that she could not give an answer with 100 percent certain or could not say "for sure" as requested by the ALJ.  AR 722.  However, it is clear from the testimony that it

REPORT AND RECOMMENDATION - 7

was still her opinion that plaintiff would likely meet the listing regardless of drug and alcohol use.

Finally, the ALJ pointed out that Dr. Clayton "disagreed with one opinion that the claimant could maintain employment with intervention, she subsequently testified that she could not say whether he could maintain employment." AR 629.  Again, the ALJ incorrectly summarizes the record.  Dr. Clayton stated that she didn't agree with a medical opinion finding plaintiff could maintain employment.  AR 720.  The ALJ then questioned her about another medical opinion in which the doctor answered "cannot say" when asked whether plaintiff could work.  AR 721.  In response, Dr. Clayton said, this "is really the most honest answer for any – yes" and that it "would be the better answer for everybody."  Id.  It is not clear that these statements are inconsistent or that they would be sufficient reasons to discredit Dr. Clayton's entire opinion.  It seems clear, especially considering the testimony following these statements (as discussed in the previous paragraph) that these statements were Dr. Clayton's acknowledgment of the imprecise nature of rendering a medical opinion.  Clearly the safest answer for a doctor to give regarding a patients future functioning would be that they are unsure, because it is impossible for them to predict the future with complete accuracy.

It is clear from a full review of Dr. Clayton's testimony that it was her opinion plaintiff met listing 12.03 even without the presence of drugs and alcohol.  The fact that the doctor would not give an answer with 100 percent certainty does not render it any less valuable.  It would be unreasonable to expect a medical expert to be able to testify with complete certainty regarding things as imprecise as the future progression of mental impairments. Medical experts are meant to give an opinion based on an extensive review of the record and his or her medical expertise.  The ALJ failed to provide legally sufficient reasons to discredit Dr. Clayton's opinion.

REPORT AND RECOMMENDATION - 8

II.     The ALJ's Finding that Drug and Alcohol Use is Material to Plaintiff's Disability Claim

Plaintiff argues the ALJ erred in failing to provide substantial evidence to support the finding that drug and alcohol use are material to plaintiff's disability claim. (Dkt. #13, pp. 10-14). Because defendant fails to address the issue in its responsive brief, let along provide argument against it, the undersigned assumes defendant has conceded on this issue. Further, the ALJ pointed to no medical opinions in the record to support his finding of materiality. The ALJ relied entirely on the opinions of the non-examining state physicians, which were rendered in 2006, and failed to acknowledge the multiple opinions from after that date demonstrating that plaintiff would remain disabled in the absence of drug and alcohol use. See AR 292, 393, 401, 406, 408, 418, 632-35. Therefore, the undersigned finds the ALJ's materiality finding was not supported by substantial evidence in the record.

III.    This Matter Should Be Remanded for Award of Benefits

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

REPORT AND RECOMMENDATION - 9

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ failed to provide legally sufficient reasons to reject the testimony of Dr. Clayton and, it is clear that, if Dr. Clayton's testimony were credited as true, the ALJ would be required to find plaintiff disabled at step three of the sequential evaluation.  Accordingly, the undersigned finds that the record has been fully developed in this case, and that remanding for further proceedings "would serve no further purpose." Smolen, 80 F.3d at 1292; Holohan, 246 F.3d at 1210.  Indeed, allowing the Commissioner to decide these issues again "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." Benecke, 379 F.3d at 595; see also Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings.").

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for an award of benefits.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

REPORT AND RECOMMENDATION - 10

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 15, 2014**, as noted in the caption.

DATED this 22nd day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11